UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROGER L. MIMS, § | | |
| TDCJ # 01567501 § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Civil Action |
| § | | No. SA-09-CA-864-OG |
| OFFICER JOHN SEDON, § | | |
| CITY OF SAN ANTONIO, § | | |
| § | | |
| Defendant § | | |

## SHOW CAUSE ORDER

Plaintiff Roger L. Mims has filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains of a traffic stop and subsequent search of Plaintiff and a passenger on March 26, 2007, that yielded cocaine. Plaintiff contends Officer John Sedon conducted an illegal search and seizure and the City of San Antonio was negligent in not properly training him. Plaintiff states he was convicted and received a ten-year sentence. Plaintiff asks for damages for the violation of his civil rights.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may

be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff is advised that his Complaint is frivolous and fails to state a claim, and therefore is subject to dismissal for the following reasons*.

1. A prisoner may not initially challenge his conviction or sentence through a § 1983 action; challenges to a conviction should be raised in a habeas corpus petition after exhausting state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). A § 1983 claim for damages arising from wrongful conviction does not accrue until that sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Public records show Plaintiff was convicted of possession with intent to deliver a controlled substance in 2007 in cause number 2007CR5423 in Bexar County. Because Plaintiff has not had his conviction declared unlawful on direct appeal or through habeas corpus he has no basis for a civil rights action.

2. To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. Plaintiff fails to allege the City of San Antonio was responsible for a custom, practice, or policy as a basis for a claim against these defendants, and thus Plaintiff fails to state a claim against these defendants. Also, Plaintiff alleges the City of San Antonio was negligent in its training of Officer Sedon, but negligence is not a basis for a civil rights action. *Daniels v. Williams*, 474 U.S. 327, 329-336 (1986).

3. Plaintiff's passenger's Fourth Amendment rights are personal to him, and Plaintiff has no standing to assert a violation of the passenger's rights. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978); *Club Retro v. Hilton*, 568 F.3d 181, 195 n.5 (5th Cir. 2009); *San Antonio Savings & Loan v. Kacal*, 928 F.2d 697, 704 (5th Cir. 1991).

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible. *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). **Therefore, Plaintiff shall show cause within twenty (20) days why his civil rights Complaint should not be dismissed for failure to state a claim by filing a signed amended complaint curing these deficiencies or explaining to this Court why his Complaint should not be dismissed** If Plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**SIGNED on November 18, 2009.**

_____
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**